IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SMITH, | No. C 15-01350 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| K. ANCHETA, et. al., | |
| Defendants. | |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal with Leave to Amend
P:\PRO-SE\EJD\CR.15\01350Smith_dwlta.wpd

1

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claim**

According to the complaint, on December 26, 2012, Defendant Ancheta addressed Plaintiff in "slang reference" as "Ras Man." Compl. at 3. Plaintiff informed Defendant Ancheta that this was improper language and that he would write up Defendant Ancheta if he was addressed in that manner again. Id. Afterward this exchange, while Plaintiff was at the law library, Defendants Ancheta and L. Fraire searched his cell and confiscated and damaged his property. Id. Defendant M. Bloise informed Plaintiff that she authorized the confiscation of Plaintiff's property. Id. Plaintiff seeks declaratory relief, compensatory and punitive damages, and any other relief deemed proper. Id.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, if the deprivation was

random and unauthorized, neither the negligent nor intentional deprivation of property states a due process claim under § 1983.  See Parratt v. Taylor, 451 U.S. 527, 535–44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff's allegations are insufficient to state a due process claim.  Plaintiff does not allege that he was not provided with notice and a hearing prior to the authorized deprivation of his property.  Therefore his complaint is DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is DISMISSED with leave to amend.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint.  The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 15-01350 EJD (PR).  Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

1    The Clerk shall include two copies of the court's complaint with a copy of this
2 order to Plaintiff.

4 DATED:     5/5/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

        Plaintiff,

   v.

K. ANCHETA, et al.,

        Defendants.

Case No. 5:15-cv-01350-EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/5/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Jerry Smith ID: H44485
    San Quentin State Prison
    San Quentin, CA 94974

Dated: 5/5/2015

    Richard W. Wieking
    Clerk, United States District Court

    By: *Elizabeth C Garcia*
    Elizabeth Garcia, Deputy Clerk to the
    Honorable EDWARD J. DAVILA