IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY SMITH, | ) | No. C 15-01350 EJD (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| K. ANCHETA, et. al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend to cure deficiencies identified by the Court. (Docket No. 4.) On June 3, 2015, Plaintiff filed his first amended complaint ("FAC"). (Docket No. 5.) For the reasons that follow, the Court now DISMISSES this action with prejudice.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Amended Complaint**

According to the complaint, on December 26, 2012, Defendants Ancheta and L. Fraire searched Plaintiff's cell and removed Plaintiff's storage container, his "Du-rag," his sugar free candy, his clear pouches, all his food items, and his 13" Samsung television which they had damaged during the search. (FAC at 3.) Ancheta and Fraire never returned Plaintiff's property. (Id.) Ancheta and Fraire also spilled Plaintiff's prayer oil over cloths that were left on the cell floor and left his prayer rug on top of the toilet. (Id.) On December 28, 2012, Defendant M. Bloise stated that the December 26, 2012 cell search was a random serach which she had authorized, and that Plaintiff's personal property would not be returned to him. (Id.) Plaintiff claims that the December 26, 2012

1  cell search was not in accordance with the relevant procedures set forth by the California
2  Department of Corrections and Rehabilitation ("CDCR").  (Id.)  Plaintiff seeks
3  declaratory relief; injunctive relief "ordering prison officials to set up a written
4  memorandum to advise searching officers to implement rules;" nominal, compensatory,
5  and punitive damages; and any other relief deemed proper.  (Id. at 3–4.)

6        As Plaintiff was informed in the order of dismissal with leave to amend, ordinarily,
7  due process of law requires notice and an opportunity for some kind of hearing prior to
8  the deprivation of a significant property interest.  See Memphis Light, Gas & Water Div.
9  v. Craft, 436 U.S. 1, 19 (1978).  However, if the deprivation was random and
10 unauthorized, neither the negligent nor intentional deprivation of property states a due
11 process claim under § 1983.  See Parratt v. Taylor, 451 U.S. 527, 535–44 (1981) (state
12 employee negligently lost prisoner's hobby kit), overruled in part on other grounds,
13 Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Hudson v. Palmer, 468 U.S. 517, 533
14 (1984) (intentional destruction of inmate's property).  The availability of an adequate
15 state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides
16 sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990)
17 (where state cannot foresee, and therefore provide meaningful hearing prior to,
18 deprivation statutory provision for post-deprivation hearing or common law tort remedy
19 for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826
20 (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation
21 remedy.  See Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't
22 Code §§ 810-895).

23       Here, even though Bloise stated that she authorized the search, Plaintiff alleges
24 that the search violated state regulations, even with Bloise's authorization.  The search
25 was not a result of some established state procedure, and was therefore unauthorized.
26 See, e.g., Zinermon, 494 U.S. at 129–30.  California could not have foreseen, and
27 provided a meaningful hearing prior to, a search that is unlawfully authorized.  See, e.g.,
28 Zinermon, 494 U.S. at 128.  However, California has provided adequate due process to

Order of Dismissal
P:\PRO-SE\EJD\CR.15\01350Smith_dism.wpd     3

1  Plaintiff for the deprivation of his property by providing an adequate post-deprivation
2  remedy, e.g., a state tort action.  See Barnett, 31 F.3d at 816–17.
3      Plaintiff's allegations are therefore insufficient to state a due process claim.
4  Further leave to amend will not be granted since it is clear that no amendment can cure
5  the defects identified by the Court.  See, e.g., Lucas v. Department of Corrections, 66
6  F.3d 245, 248 (9th Cir. 1995).  Accordingly, this action is DISMISSED with prejudice for
7  failure to state a claim.

**CONCLUSION**

9      For the foregoing reasons, this action is DISMISSED with prejudice for failure to
10 state a claim on which relief may be granted.

12 DATED:  6/10/2015

EDWARD J. DAVILA
United States District Judge
Order of Dismissal
P:\PRO-SE\EJD\CR.15\01350Smith_dism.wpd                 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>K. ANCHETA, et al.,<br><br>        Defendants. | Case No. 5:15-cv-01350-EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/11/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Jerry Smith ID: H44485
    San Quentin State Prison
    San Quentin, CA 94974

Dated: 6/11/2015

                                              Richard W. Wieking
                                              Clerk, United States District Court

                                              By: _____
                                              Elizabeth Garcia, Deputy Clerk to the
                                              Honorable EDWARD J. DAVILA